UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| NICOLE SIMONS, | ) | |
| | ) | |
| Plaintiff, | ) | **2:26-CV-75** |
| | ) | |
| vs. | ) | |
| | ) | |
| SHANTONU BASU, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Nicole Simons has filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] in which she asks to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

### I.     *IN FORMA PAUPERIS* MOTION

It is well-settled that indigent persons may seek leave to proceed in federal courts without first paying a filing fee. *See* 28 U.S.C. § 1915. The purpose of § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990).  To proceed *in forma pauperis* the requesting party must show, by affidavit, the inability to pay court fees and costs.  28 U.S.C. §1915(a).  At the same time, one need not be destitute to enjoy this

benefit. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that, because of poverty, the movant cannot afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in determining whether to grant leave to proceed in forma pauperis. The application [Doc. 1] sets forth grounds for so proceeding; thus, it is **GRANTED**. The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319. For reasons stated below, the Court finds that in this matter Plaintiff's Complaint fails to state a claim upon which relief can be granted and must recommend that it be dismissed.

## II.     COMPLAINT SCREENING

In determining whether the claims set forth in Plaintiff's complaint are frivolous and whether they are ones upon which relief may be granted, the Court will liberally construe Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio

2

Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

Here, Plaintiff has filed suit against Shantonu Basu, Logan Schiff, Enedina Pilar Sanchez, and Kevin McClanahan. As a factual basis for her Complaint, Plaintiff provides the following: "Defendants violated constitutional rights." Plaintiff is seeking $100,000 in compensation for this alleged violation. [Doc. 2].

Plaintiff's one-sentence description of her claim includes only the conclusory contention that the named defendants violated her rights, which is insufficient to survive even the lenient screening standard under § 1915. Plaintiff has not alleged what, if any, events occurred that serve as a basis for her lawsuit, nor has she provided the dates or locations of any events in which defendants were allegedly involved. Moreover, she has not attributed any specific actions to any named defendant. Without more, the Court has no choice but to recommend dismissal of Plaintiff's complaint as it fails to set forth any claim upon which relief may be granted.

## III.    CONCLUSION

For the reasons stated above, the undersigned finds that Plaintiff has failed to set forth any colorable federal claim upon which relief can be granted. Further, the undersigned finds that the deficiencies identified are so extensive that they are not subject to being addressed via an amended

3

complaint. For reasons stated above, this Court **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] be **DISMISSED without prejudice**.

This matter is to now be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[1]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with this time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).